IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JILL R. HALLOWELL-PETRICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-04257-CV-C-ODS |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her applications for a period of disability, disability insurance benefits, and supplemental security income. For the following reasons, the Commissioner's decision is affirmed.

## I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination of whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; it is relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1967 and has a bachelor's degree in management. R. at 44, 179, 182, 502, 504, 584. She previously worked as a real estate agent, administrative manager, and sales promotion representative. R. at 90-94, 584. In October 2012, Plaintiff applied for a period of disability and disability insurance benefits, alleging a disability onset date of August 1, 2002. R. at 502-03. In May 2013, she applied for supplemental security income, alleging a disability onset date of March 1, 2012. R. at 504-10. Plaintiff later amended her disability onset date to May 8, 2014. R. at 12, 42, 183, 234. In January 2013, Plaintiff's applications were denied. R. at 230, 288-92. She requested a hearing before an administrative law judge ("ALJ"). R. 293-94.

A hearing was held in February 2015. R. at 174-207. In May 2015, ALJ Janice E. Barnes-Williams issued a decision, finding Plaintiff is not disabled. R. at 234-44. Plaintiff appealed the ALJ's decision. The Appeals Council vacated the ALJ's decision (pursuant to the new and material evidence provision of the Social Security Administration's regulations) and remanded the matter. R. at 253-54.

In September 2016, another hearing was held. R. at 104-73. In January 2017, ALJ Stephan Bell issued his decision, finding Plaintiff is not disabled. R. at 260-73. Plaintiff appealed the ALJ's decision. The Appeals Counsel vacated the ALJ's decision because the ALJ did not grant Plaintiff's request for a supplemental hearing, and the Appeals Council remanded the matter again. R. at 285-86.

In March 2018, yet another hearing was held. R. at 38-103. In May 2018 ALJ Bell issued his decision, finding Plaintiff is not disabled. R. at 12-26. The ALJ concluded Plaintiff has the following severe impairments: "degenerative disc disease (lumbar, thoracic, and cervical spine), facet osteoarthritis, right shoulder AC joint arthrosis, sacroiliitis, mild right ankle osteoarthritis and tenosynovitis status post surgeries, migraines, neuropathy, and obesity." R. at 15. The ALJ determined Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently climb ladders, ropes, scaffolds, ramps, and stairs, as well as frequently balance, stoop, kneel, crouch, and crawl. She can frequently reach overhead and in all other directions and frequently finger and handle with the left and right upper extremities. She can

frequently work at unprotected heights and around moving mechanical parts, frequently operate a motor vehicle as a job duty, and frequently work in humidity and wetness, dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat, and vibration.

R. at 18. Based on the RFC and the vocational expert's ("VE") testimony at the hearing, the ALJ concluded Plaintiff can perform past relevant work as a sales promotion representative, real estate agent, and administrative manager. R. at 25-26. Plaintiff unsuccessfully appealed the decision to the Appeals Council. R. at 1-3. Plaintiff now appeals to this Court.

### III. DISCUSSION

Plaintiff argues this matter must be reversed because the ALJ failed to (a) properly determine her RFC, and (b) fully develop her past relevant work.

#### A. RFC

Plaintiff argues the medical evidence shows she is unable to stand or walk for prolonged periods, but the ALJ's RFC failed to account for these limitations. One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Because the RFC is a medical question, "an ALJ's assessment of it must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation omitted). But "there is no requirement that an RFC finding be supported by a specific medical opinion." *Id*.

The ALJ found Plaintiff retains the RFC to perform a full range of light duty with additional restrictions unrelated to her ability to stand or walk. R. at 18. The ALJ noted Plaintiff underwent three right ankle surgeries in 2009 and 2010, and post-operative imaging revealed "unchanged and stable hardware with good alignment." R. at 19-20. After these surgeries, Plaintiff successfully returned to work. R. at 22. In May 2014, when her alleged disability began, Plaintiff "admitted she could walk generally well with only occasional work absences." R. at 22. But Plaintiff requested a work excuse, which

3

was declined by her treating physician, who stated, Plaintiff "doesn't have any diagnostic studies or medical condition that would warrant being off for two weeks."  R. at 23.  The ALJ afforded "mostly great weight" to this physician's opinion.  *Id.*  The ALJ observed examinations since May 2014 revealed Plaintiff had a "slightly limping gait," she could "heel/toe tandem walk…, heel walk, toe walk," had "normal station and gait," and only temporarily used an assistive walking device.   R. at 20-21.

Regarding Plaintiff's "postural limitations," the ALJ afforded "great weight" to the opinions from Dr. Ravinder Arora, a consultative examiner, and Dr. O. Gerald Orth, a medical expert.  R. at 23.  But the ALJ gave "less weight" as to their findings on Plaintiff's ability to sit, stand, and walk.  *Id.*  Dr. Arora concluded Plaintiff could stand or walk for thirty minutes without interruption and could also stand or walk for up to four hours in an eight-hour day.  R. at 1314.  Dr. Orth opined Plaintiff can stand or walk for thirty minutes at one time and can stand or walk a total of four hours in an eight-hour work day.  R. at 1501.  The ALJ found these opinions were contrary to Plaintiff's "negative neurological workup, negative nerve conduction studies, and exams showing largely intact sensation, posture, gait, and orthopedic maneuvers indicated greater ability to feel and sit, stand, or walk at one time."  R. at 23.

While Plaintiff argues the "medical evidence shows [she] does not have the ability to stand or walk for prolonged periods on a regular and continuing basis," she cites nothing in the record to support her argument.  Doc. #15, at 13-14.  Nevertheless, the Court reviewed the record, and finds the RFC is supported by substantial evidence.  Among other things, the medical evidence reveals the following about Plaintiff's ability to walk and stand:

- Two months prior to Plaintiff's alleged disability onset date, Dr. Dennis Velez found Plaintiff's joints did not show any evidence of swelling, crepitus, erythema, effusion; she "could walk on her heels and toes as well as in tandem"; she "can squat and rise from that position," and had a "normal gait."  R. at 964.  Dr. Velez opined Plaintiff could sit for up to four hours at one time, stand for four hours at one time, and walk for three hours at one time.  R. at 968.  He determined Plaintiff could sit a total of six hours in an eight-hour day, stand a total of five hours in an eight-hour day, and walk for four hours in an eight-hour day.  *Id.*
- In May 2014, when Plaintiff's alleged disability began, Dr. Zshevetta Jones found no edema in her extremities and "musculoskeletal" was "normal.  R. at 1189.

4

- Also, in May 2014, at Boone Hospital, a physician noted Plaintiff "is able to walk generally well."  R. at 1017.

- In April 2015, Plaintiff complained of difficulty walking, but her physician observed her gait was "normal."  R. at 1273.

- In August, September, and November 2015, Plaintiff's gait and stance were observed as "normal."  R. at 1275, 1280, 1627-32.

- In March 2016, Plaintiff began using a "Cam Walker" for her right ankle.  R. at 1352.

- In May 2016, Plaintiff reported "using the Cam Walker does feel better," and her physician returned her to "[a]ctivities as tolerated."  R. at 1349.

- In October 2016, Plaintiff complained to Dr. Katherine Austin of "[o]ccasional… achiness and soreness [in her right ankle] aggravated by weightbearing and walking."  R. at 1554.  The physician observed "mild pain to palpation of the hardware" and "[g]ood range of motion of ankle."  *Id.*

- In late December 2016, after the hardware was removed from Plaintiff's ankle, an x-ray indicated "[n]o evidence of postoperative complication" and "[m]ild ankle degenerative change."  R. at 1590.

- In January 2017, the sutures were removed from Plaintiff's ankle, she was told to stop using the Cam Walker, and was directed to let the physician know if she had "any issues."  R. at 1593.

- In August 2017, Plaintiff reported pain in her right leg, back, and neck, which worsened with "sitting, bending and leaning forward."  R. at 1599-1600.  Dr. Kenneth Miller observed Plaintiff "walks with a slight limp" but her standing was "[w]ithin normal limits."  R. at 1602.

- Also, in August 2017, another physician observed Plaintiff could "heel walk and toe walk without difficulty."  R. at 1605.

- In October 2017, Plaintiff was seen by Dr. Pauline Bridgeman to establish care.  R. at 1617-18.  Plaintiff reported "[t]errible neck pain that makes all other issues small in comparison."  R. at 1617.  Dr. Bridgeman noted Plaintiff's gait was "normal."  R. at 1618.  There is no indication Plaintiff was having difficulty walking or standing.  R. at 1617-19.  Regarding employment, the notes indicate Plaintiff is "unemployed…due to neck pain disability."  R. at 1618.

- In March 2018, Plaintiff complained of right ankle pain and chronic neck and low back pain.  R. at 1640.  Her pain increased with, among other things, standing and walking.  R. at 1640, 1649.  Although Plaintiff said she could sit or stand for "0-5 min" and walk "20 to about 100 feet," physical examination of her lower extremities did "not show any tenderness, deformity or injury"; the range of motion was observed as "unremarkable"; there was "no gross instability"; and strength and normal were "normal."  R. at 1550, 1640, 1642.

Based upon the foregoing and the record before it, the Court finds the ALJ's RFC is based on "all of the relevant evidence."  And the Court also concludes the ALJ's RFC is

5

"supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *McKinney*, 228 F.3d at 863; *Hensley*, 829 F.3d at 932. Accordingly, the Court will not reverse the Commissioner's decision on this basis.

### B. Plaintiff's Past Relevant Work

Plaintiff also contends the ALJ did not "fully develop" her past work, to which the ALJ found she could return. More specifically, Plaintiff argues the ALJ did not inquire about the physical demands of her past work. Doc. #15, at 15-16.

When determining whether Plaintiff could perform her past relevant work, the ALJ relied on Plaintiff's Work History Report, which she executed when she applied for benefits, her hearing testimony, and the VE's hearing testimony. R. at 25-26. As an administrative manager, Plaintiff reported she walked four hours, stood four hours, sat at least eight hours, lifted no more than twenty pounds, and frequently lifted ten pounds. R. at 594. As a real estate agent, Plaintiff stated the physical demands of her job varied, but she walked and stood eight hours, sat four hours, lifted no more than twenty pounds, and frequently lifted ten pounds. R. at 94, 595. Finally, as a sales promotion representative, Plaintiff indicated the physical demands of her job varied, but she lifted no more than ten pounds. R. at 90-91, 596. As a sales promotion representative, Plaintiff was permitted to work at home, which she did during the last five or six months of her employment. R. at 66-67. The VE testified that a sales promotion representative and real estate agent are considered "light work," and an administrative manager is considered "sedentary." R. at 97-98. When "comparing [Plaintiff's] residual functional capacity with the physical and mental demands of [her past relevant] work," the ALJ found Plaintiff is able to work as a "sales promotion representative, real estate agent, and administrative manager as actually and generally performed." R. at 26.

Thus, contrary to Plaintiff's argument, ALJ fully developed Plaintiff's past work. Moreover, to the extent Plaintiff argues her past employment was not as generally performed, Plaintiff had the opportunity to provide additional information in her Work History Report, and when she testified at the hearing. Notably, during the hearing, the ALJ offered Plaintiff's counsel an opportunity to inquire further of Plaintiff's past work history, but her attorney declined to do so. R. at 95. The Court finds the ALJ properly

6

developed Plaintiff's past relevant work, including the physical demands of her past relevant work.  Therefore, the Court will not reverse the Commissioner's decision based on Plaintiff's second argument.

## IV.　　CONCLUSION

For all of the foregoing reasons, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

DATE: December 2, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT